UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Gilbert Green, | ) |
|         Plaintiff, | ) |
| v. | ) Civil Action No. 8:10-cv-02316-HMH |
| GE Pension Plan, | ) |
|         Defendant. | ) |

# ANSWER TO COMPLAINT

COMES NOW Defendant, GE Pension Plan (hereinafter "Defendant"), by and through its counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and answers the Complaint in the above-styled case as follows:

**FIRST DEFENSE**

Defendant responds to the individually numbered paragraphs in Plaintiff's Complaint as follows:

1. Defendant, upon information and belief, admits the allegations contained in paragraph I of the Complaint.

2. In response to the allegations contained in paragraph II of the Complaint, Defendant admits that it is a pension plan organized and existing pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

3. In response to the allegations contained in paragraph III of the Complaint, upon information and belief, Defendant admits that in this matter Plaintiff seeks disability pension

benefits under the GE Pension Plan. The remaining allegations contained in paragraph III are legal conclusions and require no response. However, to the extent that a response is required, Defendant admits that jurisdiction in this Court is proper. Except as expressly admitted, any remaining allegations contained in paragraph III of the Complaint are denied.

4. In response to the allegations contained in paragraph IV of the Complaint, Defendant admits that Plaintiff was employed by GE Gas Turbines (Greenville), L.L.C., and admits that Plaintiff's last day worked was in or about June 2009. Defendant admits that Plaintiff was a participant in the GE Pension Plan, which provides disability pension benefits for eligible participants. Defendant denies any remaining allegations contained in paragraph IV of the Complaint.

5. In response to the allegations contained in paragraph V of the Complaint, Defendant admits that Plaintiff submitted a claim for disability pension benefits. Defendant denies the remaining allegations contained in paragraph V of the Complaint.

6. In response to the allegations contained in paragraph VI of the Complaint, Defendant admits that it denied Plaintiff's claim for disability pension benefits. Defendant admits that Plaintiff has exhausted administrative remedies under the GE Pension Plan. Defendant denies any remaining allegations contained in paragraph VI of the Complaint.

7. Defendant denies the allegations contained in paragraph VII of the Complaint.

8. Defendant's responses to the allegations contained in paragraphs I through VII of the Complaint are reasserted and incorporated herein by reference.

9. In response to the allegations contained in paragraph IX of the Complaint, Defendant admits that Plaintiff requests this Court to order the relief set forth in paragraph IX. Defendant denies that Plaintiff is entitled to the relief requested in paragraph IX of the

Complaint, and Defendant denies the remaining allegations contained in paragraph IX of the Complaint.

10. Defendant denies that Plaintiff is entitled to the relief requested in the Complaint's prayer for relief .

11. Defendant denies each allegation of the Complaint that is not specifically admitted, denied, or otherwise controverted in this Answer.

## SECOND DEFENSE

Plaintiff is not entitled to disability pension benefits under the GE Pension Plan.

## THIRD DEFENSE

Defendant asserts any and all defenses available to it under ERISA, including the specific terms and provisions of the GE Pension Plan and/or the Plan's Summary Plan Description.

## FOURTH DEFENSE

Defendant's actions were proper and reasonable and were not arbitrary, capricious, or erroneous as a matter of law, and this constitutes a complete defense to the claims asserted by Plaintiff.

## FIFTH DEFENSE

Defendant reserves the right to assert additional defenses as this matter proceeds.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety and that Defendant have such other and further relief as this Court may deem just and proper, including, but not limited to, all costs including attorneys' fees.

Dated this 1st day of November, 2010.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: s/Vance E. Drawdy
    Vance E. Drawdy (Fed. ID No. 6069)
    300 North Main Street (29601)
    PO Box 2757
    Greenville, SC 29602-2757
    Phone: 864-271-1300
    Fax: 864-235-4754
    E-mail: vance.drawdy@ogletreedeakins.com

# CERTIFICATE OF SERVICE

I, Vance E. Drawdy, hereby certify that I have this day electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following person(s):

    Robert E. Hoskins, Esq.
    Foster Law Firm, LLP
    PO Box 2123
    Greenville, SC 29602

Dated this 1st day of November, 2010.


/s/ Vance E. Drawdy
Vance E. Drawdy (Fed. I.D. No. 6069)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
PO Box 2757
Greenville, SC 29602-2757
Phone: 864.271.1300
Fax: 864.235.4754

9329813.1 (OGLETREE)